If it pleases the Court, I think I should reserve two minutes. I think the issue is properly framed as follows. Would it be proper for somebody's – would it be fundamentally unfair for somebody's invocation of the Miranda warning to be used against them at a criminal trial? The answer is no. Griffin says so. Would it be fundamentally unfair to use their invocation against them at a sanity trial? The answer is no. Wainwright says so. Would it be proper – fundamentally unfair to use the Miranda – I guess I should have put it the other way. Would it be fundamentally fair to use it against them? The answer is no, and both for Griffin and for Wainwright. Would it be fundamentally fair or allowable to use somebody's invocation at some sort of civil proceeding or something? Maybe a guy made an application for a mortgage and wanted to get a house, and somehow the statement that he made about how he's crazy or something like that, or his invocation could be used against him at the civil proceeding, the answer is yes, it could be. So now the question is, here we are somewhere in the middle of those situations of whether or not it can be used against him at a competency finding. And I think Wainwright says that it can't be used against him. It would be fundamentally unfair to use it against him at a competency hearing. Medina says a competency hearing is a critical part of the criminal justice system. This is not just a civil proceeding outside as if somebody getting a mortgage. But it's a different jury, right? Oh, certainly. That's what we had here. A lot of times it's the – in other States, the judge decides the question of competency. Correct. Could it be admissible in front of a judge and not a jury? Oh, no. I don't think it should be admissible, period. It would be – it would be entirely – in my view, it would be entirely, fundamentally unfair whether it comes as part of the record, whether the finder – the determiner of the competency is made by a court or made by a jury. I totally concede if it was the same jury hearing the guilt part of the case, of course we've already decided that that's not proper. Should it come in in any fashion as it relates to provide a foundation for someone being found competent or incompetent, and I say the answer is no. I say Wainwright says the answer is no. But Wainwright didn't involve a competency hearing. That's true. And aren't we cabined by AEDPA here? I'm happy to skip over to the procedural handcuffs that AEDPA puts on how we have to structure decisions in this case. And the – You're happy to skip over it? No, I have skipped to it. I have to say I have so many other valid points. I'm going over those that go right to the AEDPA issue. AEDPA requires two things. Of course, it must be a determination – it must be unreasonable under a determination of the United States Supreme Court decisions, and also there must be the showing of prejudice, the first element of whether or not Wainwright sufficiently deals with this issue. And I submit to you a reading of Wainwright says that it does. It talks about, and I quote it at several different points in the briefs, that Wainwright talks about the use of the proceedings, talks about the implicit promise, the breach of consequent penalties that can be used, and the government wants or the State wants to say that these penalties we're only talking about, like the penalty of whether or not you can go to jail or not. And I submit that Wainwright doesn't talk just about whether or not it can be used or not going to jail, but penalize in the sense of somebody being penalized for the use of it against them. That's how I read it. And I address that in – specifically in the Traverse that I filed or the reply brief that I filed. I think Wainwright says you can't use it to penalize somebody. Now, I completely admit the factual setting in Wainwright was the sanity hearing. Kennedy, but I don't see Wainwright limiting itself. Kennedy, the sanity defense in the guilt phase. Yes. Well, it's true. A sanity – correct. But the determination of sanity of the – As a defense in the guilt phase, here the question was competency to stand trial. Right? Yes. That's quite different. Well, one could argue it's not. It's a different test, isn't it, his ability to cooperate with his counsel is a different test from the McNaughton rule, is it not? Yes, but I can't see it being somehow a diminished – of diminished importance. I could also make the argument it actually has more importance to the criminal justice system. How could you possibly – You could make that argument. But the problem is we are cabined by what 2254d-1 says, which is the Supreme Court must have determined that, not made that argument. And the chances of me getting on that court are very slight. I agree, Your Honor. However, I think Wainwright's wording in that allows for that interpretation. Because we're talking about the – of where the importance of the sanity issue in Wainwright came about, and the importance of what would come about in this competency proceeding. Medina does talk about how important the same – the U.S. Supreme Court does talk about the importance of a competency proceeding. It's quite clear that it's not the same thing as trying to get a mortgage or trying to get a credit card to go buy some, I don't know, go to Vons and make a purchase over there, and those words used against you. You're talking about a core part of the criminal justice system. Medina so states. So I think this very court says that U.S. Supreme Court says decisions both in Wainwright and Medina talk about why this would be fundamentally unfair. And I don't think it's – I think it would be unreasonable to interpret otherwise. And I understand that AEDPA requires this very, very strong standard that not only is it wrong, but that it be unreasonable to so conclude. But I would read – if you read Wainwright in combination with Medina, and you see the importance of what a competency hearing is, the very fundamental basis of knowing what's going on, to be able to talk about – to help your lawyer, to understand what the proceedings are, to present a defense, well, then I think you get to the question that the only reasonable interpretation of Wainwright and Medina is that, in fact, it would be fundamentally unfair to use an invocation. Now, let's talk about the facts in this particular case. It's a perfect case to deal with it. He had two doctors, and one doctor who had seen him on many, many occasions for a long period of time talked about hearing voices and talked about all sorts of problems that he was having, clear and classic examples of both the history and specifically in this case of being unable to understand what's going on. And one physician who takes a Hippocratic oath and gives it a whole new meaning says that he spends an hour with him, doesn't administer a single test, has difficulty understanding him, because my client at that time was entirely and spoke Vietnamese, even the point where the Vietnamese interpreter says to the doctor, I don't think he understands your question. Kennedy, How did the first doctor understand him so well and the second one not? It has to do with doing a good job. It has to do with spending the time. Kennedy, did he speak Vietnamese? No, he did not. But he spent an enormous amount of time. The record is clear that he saw him on a number of different occasions and administered a whole number of tests. Dr. Sharma, who did the government, the government's witness in this case, said that he didn't have enough time to do that because the client wasn't paying him. He would have done more. He would have spent more time with him had it been a retained client, a retained patient, but didn't feel it was necessary. So he spent an hour, didn't administer a single test to him, didn't administer a – had trouble understanding him, according to the interpreter. He spent a total of an hour with him, and then comes and presents to the jury a considerable powerful argument that this guy knew what he was doing because he invoked. And the record is clear. And then the district attorney argued this at great length to the – to the judge and the jury, when he comes in front of him and says, ladies and gentlemen, that's circumstantial evidence. When that deputy is saying anything you can't use – be used against you in a court of law has a tendency to show to reasonable people that he knows what's going on. Kennedy. You're talking about the DA at the competency hearing? Yes, to the jury. He argues to the jury that my client didn't respond to the deputy by saying, when are you going to beam me up to go with Captain Kirk? But according to the sheriff's deputy, he said, yeah. He said yes to that question. He understood. So it's quite clear that the district attorney made major, major strides in his case, in his argument, emphasizing the police officer's statement that my client invoked, emphasizing that the doctor used the invocation against him, and then argued to the jury that he must have known what was going on, he must have been competent, he used that reasonable balance and so forth. This is not a situation of someone coming in without giving – without giving somebody Miranda rights and watching my client's behavior. That would have been okay. But here a promise was made to him, nothing you say can be used against you, and yet it clearly was. I'll reserve the rest of my time. Thank you. Good morning, Lisa Jacobson, Deputy Attorney General for the Respondent. We'd ask this court to affirm the district court's order denying habeas relief because the state court's rejection of Appellant Doyle Wainwright's claim was not objectively unreasonable. We believe that the very language that Appellant relies on in Wainwright to support his position that there was error actually supports our position that there was no error. What is that language? It's on page 292 where Wainwright, they talk about penalizing somebody for invoking their Miranda rights. But I believe in that passage the court makes it clear that the penalty is the use of those invocation of rights to prove guilt. And therefore, the state court was not unreasonable in distinguishing this case from the other. The invocation of the right to counsel here was used to establish present competency to stand trial. Well, but let me put you a similarity between Wainwright and this case. In Wainwright, the sanity of the defendant at the time of the crime, if he was insane, would bar the imposition of penalty, right? Yes, Your Honor. Here, a finding that Mr. Nguyen was incompetent at the time of his trial, incompetent to assist counsel at the time of his trial, would bar the finding of guilt and would bar imposition of penalty. So, both have a direct effect on the result, which is conviction. Not necessarily, well, it would bar a trial so he wouldn't be convicted at least. Until he would be put in a competent situation, if he was ever going to be competent, right? But we can't get to that position unless we extend the rule in Wainwright, which under AEDPA we can't. And we have the rule in AEDPA that there shouldn't be an unreasonable application of a prior decision. But doesn't that indicate there should be a reasonable extension of a prior decision? The difference between permissible extensions and applying in a different – I'd say you can't extend it. You can apply it in a different permutation. And I think in Yarborough v. Alvarado, the Court says it's often difficult to tell what's permissible and what's not. But in this case, our position is that there is a pretty large distinction between competency proceedings and guilt trials, and that the language in Wainwright itself makes it clear that it applies to using invocations of the right to silence or counsel to prove guilt. Is there a difference in standard of proof between guilt and competency? Yes, Your Honor, and the burden, too. With guilt, of course, the burden is on the people and the standard is proved beyond a reasonable doubt. And at a competency proceeding, the burden is on the defendant to prove by a preponderance of evidence that he's incompetent. And the reasonableness of the State court's decision here is further underscored by the fact that in other contexts, we recognize that constitutional rights that apply at a guilt trial do not necessarily apply at a competency proceeding. For example, of course, you have a right to a jury at a guilt trial, but you have no such constitutional right at a competency proceeding. Similar? Under California law, is this competency hearing considered a civil proceeding or is it still a criminal proceeding? California refers to it as a special proceeding where the rules typically apply are the civil procedure rules. I didn't understand your earlier statement. You said not entitled to a jury trial, but here he had a jury trial. Yes. You have a statutory right in California to a jury trial, but you don't have a constitutional right. A statutory right. A jury trial. Similarly, a court at a competency hearing may consider statements the defendant makes at a compelled psychiatric examination, but the introduction of these same statements at a guilt trial or as a penalty trial would violate the self-incrimination clause of the Fifth Amendment. These cases further support our position because they show, as I mentioned earlier, that rights that do apply at a guilt trial do not necessarily apply at a competence proceeding. And therefore, we believe that the district court's order should be affirmed because the California State court's rejection of appellant's claim was not objectively unreasonable. So you're saying if the defendant admits his guilt and so forth to a psychiatrist, that's admissible in the competency hearing but may not necessarily be admissible in the criminal hearing? It's not admissible affirmatively in a criminal hearing, yes, Your Honor, is what I'm saying. State court of appeals says, in line with your argument, that mental competency hearing does not involve any penalty at all, right? All it does is adjudicate whether or not the defendant is fit to stand trial and there's no penalty involved with it. Unlike, say, and you could almost say in the Wainwright case, insanity goes to guilt or innocence and in a competency hearing, it does not. It just goes to whether or not he's fit to stand trial. Yes, Your Honor. So there's no penalty associated with the competency hearing. And, of course, the purpose of Miranda is to protect against the right against self incrimination and means incriminate yourself in a criminal manner. And this is not, as you say, not a criminal proceeding. Yes, Your Honor. I mean, that's the interpretation of the state court of appeal. Yes, sir. And there's nothing directly contrary to that from the Supreme Court. No, Your Honor, and therefore, under- This is their interpretation of Wainwright. The state courts? Yes, Your Honor. Okay. And we believe that interpretation is not objectively unreasonable. I don't think we really need to get into the facts much because we don't those only arise with the harmless and error if harmless error announced were necessary and we don't believe it is. But I'd just like to point out a couple of things. First off, the defense expert only saw appellant twice. Dr. Sharma said that he didn't administer any tests because those are more important in a clinical setting and not a forensic setting. And the quoted portion of the deputy district attorney's argument focused on the defendant's initial or appellant's initial waiver of his Miranda rights rather than the invocation of counsel. And unless this Court has any additional questions, we just ask this Court to affirm the district court's order. Thank you very much. Thank you. Mr. Calabro, two minutes. Thank you very much, Your Honor. Number one, whether or not this is a matter of potential penalty to my client. He's facing life imprisonment. He's in life. He's in prison now at a time when he had a hearing not knowing all of what was going on. And I can't see is how you can get more core related to punishment or imprisonment  Second point, question of whether or not the defendant's initial or appellant's right to be competent to stand trial. He would have remained in an institution until he became competent, right? Yes, and then after which he could have developed the evidence that could have acquitted him. He could have cooperated with counsel and assisted in the direction of a defense to a case which would have found him not guilty to the charge instead of sitting behind the bar for the rest of his life. Of course, that's speculation, right? Well, that's not in the record before. Yes, but a jury has not yet decided on the case. Of course, it's not in the record, but you have to you can't get much more fundamental as to what a trial is supposed to do to give somebody the right to defend themselves. And he was not given that right. And the result of that is the penalty of sitting in jail forever. Well, the jury found otherwise in the competency jury, and unless there's something wrong with the way they did that, why, there's no argument there, right? Correct. And what I'm saying is there's not only something wrong, there's something objectively, unreasonably wrong about the way that proceeding occurred. You mentioned, Your Honor, an issue having to do with, I think, the focus of, well, could his statements be used against him at the competency proceeding and so forth. I think it's not proper for us to focus on what's the evidence that could have been used against him at the competency proceeding, per se, and I don't dispute that. I think the issue is really what's fundamentally unfair when somebody is given the Miranda warnings. You have the right to remain silent, except if you say anything, we're going to get you, you're going to give up your rights at the competency hearing. Someone should not be put on the dilemma of having to decide, do they invoke protecting themselves at the criminal part of the trial? I'm sorry, do they make a statement or go ahead and talk, putting them at risk at the criminal part of the trial, or do they invoke and therefore putting at risk the issue of whether or not they understand what's going on in the competency foundation of any trial? And I think that's really what this issue is about. And what this Court often talks about, how it impacts on all the people that are in the many States that your decision is controlled, and everyone who gets a Miranda warning, if it's, is faced with that decision, one or the other, and I don't think that Miranda is meant to be distorted or diluted to that degree. Thank you very much, Mr. Broome. Thank you. It's a good argument on both sides. The next case on the calendar will be United States of America v. Rafael Alexander Cruz-Escoto. Has this been submitted without argument? Is Mr. Ray or Mr. Stone here for the United States? Oh, pardon me. I'm on the next page. United States v. Johnson.
judges: Siler , Tashima, Bea